[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10300
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 31, 2010
JOHN LEY
CLERK

D.C. Docket No. 1:08-cr-00171-RWS-RGV-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MESSIAH GREEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 31, 2010)

Before EDMONDSON, BARKETT and MARTIN, Circuit Judges.

PER CURIAM:

Messiah Green appeals his convictions, and 241-month total sentence, for

armed bank robbery, in violation of 18 U.S.C. § 2113(a), (d) (Count 1), and

possession of a firearm during a crime of violence, in violation of 18 U.S.C.

§ 924(c)(1)(A)(iii) (Count 2).

Green raises two issues on appeal. First, he appeals his convictions, arguing that the district court violated his Sixth Amendment right to confront witnesses against him when it admitted the cell phone records and cell tower location information from Green's cell phone on the day of the robbery, which it had subpoenaed from Metro PCS into evidence. He contends that, because the records were testimonial for purposes of the Sixth Amendment's Confrontation Clause, he was entitled to cross-examine a Metro PCS employee at trial. [1] Second, Green argues that his sentence for Count 1 was procedurally unreasonable because the district court erroneously found that he organized the robbery, and thus, was subject to a two-level enhancement pursuant to U.S.S.G. § 3B1.1(c).

## I. Admission of Cell Phone Records

We review a district court's evidentiary rulings for abuse of discretion, and questions of whether a hearsay statement is "testimonial" for purposes of the Sixth Amendment *de novo*. *United States v. Caraballo*, 595 F.3d 1214, 1226 (11th Cir. 2010).

---

[1] Although a Metro PCS employee was not available to testify at trial, the records were certified as accurate, and an expert witness testified, and was available for cross-examination, as to the meaning of the documents.

The Confrontation Clause of the Sixth Amendment provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with witnesses against him." U.S. Const. amend. VI. The Confrontation Clause bars the admission of hearsay evidence that is "testimonial" unless the witness is unavailable and the defendant had a prior opportunity for cross-examination. *Crawford v. Washington*, 541 U.S. 36, 68, 124 S.Ct. 1354, 1374, 158 L.Ed.2d 177 (2004). "Testimonial" statements are typically "solemn declaration[s] or affirmation[s] made for the purpose of establishing or proving some fact," and may include "material such as affidavits, custodial examinations, prior testimony that the defendant was unable to cross-examine, or similar pretrial statements that declarants would reasonably expect to be used prosecutorially." *Id.* at 541 U.S. at 51-52, 124 S.Ct. at 1364. Generally, business records are "by their nature [] not testimonial." *Id.* at 541 U.S. at 56, 124 S.Ct. at 1367.

The Supreme Court recently expanded its definition of "testimonial" statements to include affidavits containing the results of forensic analysis of seized substances. *Melendez-Diaz v. Massachusetts*, __ U.S. __, __, 129 S.Ct. 2527, 2532, 174 L.Ed.2d 314 (2009). It did so because such affidavits were "made under circumstances which would lead an objective witness reasonably to believe that the statements would be available for use at a later trial," and their sole

3

purpose "was to provide *prima facie* evidence of the composition, quality, and the net weight of the analyzed substance." *Id.* (citation and quotations omitted). The Court rejected the argument that the affidavits were admissible as business records, stating that:

> Business and public records are generally admissible absent confrontation not because they qualify under an exception to the hearsay rules, but because–having been created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial–they are not testimonial. Whether or not they qualify as business or official records, the analysts' statements here–prepared specifically for use at petitioner's trial–were testimony against petitioner, and the analysts were subject to confrontation under the Sixth Amendment.

*Id.* at __ U.S. at __, 129 S.Ct. at 2539-40.

Consistent with the Supreme Court's decision in *Melendez-Diaz*, we have held that documents which are routinely recorded for a purpose other than preparation for a criminal trial are non-testimonial for purposes of the Sixth Amendment. *See Caraballo*, 595 F.3d at 1226-29 (holding that an immigration form, used for "routine, objective cataloging of unambiguous biographical matters," was not testimonial because it was primarily used to track the entry of aliens into the United States, and it was "of little moment that an incidental or secondary use of the interviews underlying the [] forms actually furthered a prosecution."). We have also held that the documents at issue in this case, cell

4

phone records and cell tower locations, are business records within the meaning of Fed.R.Evid. 803(6), and thus, satisfy an exception to the hearsay rule. *See United States v. Sanchez*, 586 F.3d 918, 929-30 (11th Cir. 2009), *cert. denied*, 130 S.Ct. 1926 (2010).

We conclude that Green's cell phone records and cell tower location information qualified as business records under Fed.R.Evid. 803(6) which, by their nature, are non-testimonial for purposes of the Sixth Amendment. *See Crawford*, 541 U.S. at 56, 124 S.Ct. at 1367; *Sanchez*, 586 F.3d at 929-30. Further, because the records were generated for the administration of Metro PCS's business, and not for the purpose of proving a fact at a criminal trial, they were non-testimonial, and the district court did not violate Green's constitutional right by admitting them into evidence.

## II. Sentencing

"A district court's upward adjustment of a defendant's Guidelines offense level due to his status as a leader or organizer under U.S.S.G. § 3B1.1 is a finding of fact reviewed only for clear error." *United States v. Phillips*, 287 F.3d 1053, 1055 (11th Cir. 2002).

In determining whether a defendant was an organizer or leader, pursuant to U.S.S.G. § 3B1.1(c), the district court should consider the following factors:

> the exercise of discretion making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

U.S.S.G. § 3B1.1, comment. (n.4). "The assertion of control or influence over only one individual is enough to support a § 3B1.1(c) enhancement." *Phillips*, 287 F.3d at 1058. In *Phillips*, we concluded that there was "abundant evidence" supporting the district court's finding that the defendant was an organizer of a bank robbery when two codefendants testified that he did most of the planning and preparation for the robbery, including suggesting the idea of the bank robbery, selecting the bank to be robbed, providing the guns, and purchasing the supplies, and then waited in a get-away car monitoring a police scanner during the commission of the robbery. *Id.*

In this case, the trial judge heard evidence that Green suggested the bank robbery, selected the bank, recruited two accomplices, developed the plan for the robbery, and played the primary role during the actual commission of the robbery.

6

Based thereupon, it was not clear error for the district court to find that Green was subject to a two-level enhancement pursuant to U.S.S.G. § 3B1.1(c).

For the foregoing reasons, Green's conviction and sentence are

**AFFIRMED.**